UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN ANN LONG,<br><br>                Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>                Defendant. | No.  2:14-cv-2572-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  The parties have filed cross-motions for summary judgment.  For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.     BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that she had been disabled since October 13, 2008.  Administrative Record ("AR") 162-170.  Her application was denied initially and upon reconsideration.  *Id*. at 104-107, 110-114.  On March 13, 2013, a hearing was held before administrative law judge ("ALJ") G. Ross Wheatley.  *Id*. at 37-77.

Plaintiff was represented by counsel and she and a vocational expert ("VE") testified. *Id*.

On April 11, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 21-32. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in Substantial Gainful Activity (SGA) since October 13, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: rheumatoid arthritis; fibromyalgia syndrome; obesity; and Osgood-Schlatter disease in bilateral knees (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform less than the full range of Sedentary work as defined in 20 CFR 404.1567(a) except she cannot climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs; she can frequently balance; she can occasionally stoop, crouch, kneel, and crawl; and use of both hands for handling and fingering is limited to frequent.

\* \* \*

6. The claimant is capable of performing Past Relevant Work (PRW) as a Program Director and Intake Coordinator. This work does not require the performance of work-related activities precluded by the claimant's Residual Functional Capacity (RFC) (20 CFR 404.1565).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 13, 2008, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 23-32.

Plaintiff's request for Appeals Council review was denied on August 29, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th

Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   ANALYSIS

Plaintiff argues that the ALJ erred in (1) weighing the medical opinion evidence and (2) discrediting plaintiff's subjective testimony without clear and convincing reasons.  ECF No. 13 at 19-31.

   A.   The ALJ Erred in Rejecting the Opinion from Plaintiff's Treating Physician

Plaintiff first argues that the ALJ erred in rejecting the opinion of her treating physician in favor of opinions rendered by non-examining physicians. *Id*. at 19-26.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id*.; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id*. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d

1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

The treating opinion discounted by the ALJ is that of Dr. Hajra Tily. Dr. Tily began treating plaintiff for rheumatoid arthritis in August 2009. AR 390-396, 640. In September 2011, Dr. Tily opined that plaintiff could sit, stand, and walk for less than 2 hours in an 8-hour workday; would need to lie down and elevate her legs for 20-30 minutes 2 to 3 times in an 8-hour workday; and would have problems using her hands. *Id*. at 640-641. She further opined plaintiff could lift less than 5 pounds; only spend 10 percent of an 8-hour workday reaching, handling, pushing/pulling, grasping; could only reach or handle for 15-20 minutes at a time, push/pull for 15 minutes at a time, grasp for 20-30 minutes at a time; and would have trouble with concentration, memory, and coping with stress. *Id*.

Dr. Tily provided a second opinion in March 2013. *Id*. at 955-956. This time she opined plaintiff could lift less than 10 pounds frequently and 5 pounds occasionally; sit, stand and walk for less than 1 hour in an 8-hour workday; use her hands for reaching, handling, feeling, pushing/pulling, and grasping for less than 30 minutes at one time for a total of less than 20 percent of a workday. *Id*. She further opined that plaintiff would need to elevate her legs during the workday and that stress would make plaintiff's pain worse. *Id*. at 955.

The record also contains an opinion from Dr. R. Fast, M.D., a non-examining physician. *Id*. at 96-97. Dr. Fast opined that plaintiff could lift or carry 10 pounds frequently and occasionally; stand or walk for 2 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; and occasionally stoop, kneel, crouch, and crawl. *Id*. at 96-97.

Dr. C. De La Rosa, M.D., also a non-examining physician, opined that plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for about 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps/stairs, but

/////

1   never ladders, ropes, scaffolds; frequently balance; and occasionally stoop, kneel, crouch, or
2   crawl. *Id*. at 85-86.

3   In assessing plaintiff's Residual Functional Capacity ("RFC"), the ALJ gave "little
4   weight" to Dr. Tily's opinions, "great weight" to Dr. Fast's opinion and "partial weight" to Dr.
5   De La Rosa's opinion. *Id*. at 30-31. As Dr. Tily's opinion was contradicted by Drs. Fast and De
6   La Rosa's opinions, the ALJ was required to give "specific and legitimate" reasons for rejecting
7   her treating opinion. *See Orn*, 495 F.3d at 632. The ALJ provided several reasons for rejecting
8   Dr. Tily's opinion. However, as discussed below, none of the reasons satisfy the specific and
9   legitimate standard.

10   First, the ALJ found that Dr. Tily's opinion was inconsistent with her own treatment and
11   the evidence in the record as a whole. AR 31. An ALJ may reject a treating physician's opinion
12   that is inconsistent with other medical evidence, including the physician's own treatment notes.
13   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ concluded that contrary to
14   Dr. Tily's opinion, the medical records indicated that plaintiff's symptoms were stable overall and
15   that she reported and demonstrated improvement. AR 31. In reaching this finding, the ALJ relied
16   on a November 2012 treatment record that "noted that [plaintiff's] rheumatoid arthritis was mild
17   to minimally active and she was stable on medication." *Id*. (citing AR at 919).

18   The ALJ's finding is not supported by the record. Nothing in the November 2012
19   treatment note is inconsistent with Dr. Tily's opinion or demonstrates that plaintiff experienced
20   improvement in her symptoms. Although the treatment note provides that plaintiff's rheumatoid
21   arthritis was "overall stable" on a medication regiment, Dr. Tily did not indicate any
22   improvement in plaintiff's condition. *See* AR 919. The mere fact that there was no change in the
23   severity of plaintiff's arthritis does not demonstrate improvement in her condition or an absence
24   of severe limitations.

25   Furthermore, the ALJ's reliance on the treatment note's reference to plaintiff arthritis as
26   "mild to minimally active" is misplaced. Dr. Tily did not find that plaintiff's arthritis caused only
27   mild to minimal limitations. Instead, Dr. Tily noted that when plaintiff was examined in July
28   2012, her arthritis was "mild to minimally *active*," which necessitated an increase in one of her

6

1   medications. *Id*. at 918 (emphasis added).  The same treatment notes also indicated that

2   plaintiff's symptoms were "quite worse," she experienced stiffness in the morning, and reported

3   having good days and bad days. *Id*. at 918-919.  Simply put, the November 2012 treatment note

4   is not inconsistent with Dr. Tily's opinion, it supports it.  Furthermore, the ALJ fails to cite to any

5   other evidence that he believed was contrary to Dr. Tily's opinion.  Accordingly, this first reason

6   was not a proper basis for Dr. Tily's treating opinion.

7         The ALJ also concluded that plaintiff's "improvement is evidence by her ability to engage

8   in multiple activities on a regular basis."  AR 31.  The ALJ, however, fails to identify any

9   activities that demonstrated an improvement in plaintiff's condition or otherwise undermined Dr.

10  Tily's opinion.  Rather, he provides only his conclusion that plaintiff's ability to perform

11  unspecified activities demonstrates improvement in her symptoms.  The ALJ's conclusion,

12  without discussion of any particular activities does not constitutes a legitimate reasons for

13  rejecting Dr. Tily's opinion. *See Burrell v. Colvin* 775 F.3d 1133, 1138 (9th Cir. 2014) (ALJ

14  impermissibly rejected plaintiff's testimony based on daily activities where ALJ failed to

15  elaborate which daily activities conflicted with the plaintiff's testimony).

16        Next, the ALJ found that "the evidence in the record does not establish that [plaintiff]

17  sought out or was referred to additional treatment or specialist evaluations."  AR 31.  The ALJ's

18  reliance on this reason is perplexing.  Dr. Tily is a rheumatologist treating plaintiff's rheumatoid

19  arthritis. *Id*. at 390-396.  She is the appropriate specialist for treating plaintiff's condition.

20  Moreover, the ALJ does not identify what type of referral he believed would have been

21  appropriate given plaintiff's impairments.  The ALJ also fails to identify what additional

22  treatment should have been prescribed by the treating rheumatologist for plaintiff arthritis.

23  Accordingly, this reason falls vastly short of the specific and legitimate standard.

24        Lastly, the ALJ rejected Dr. Tily's opinions because she did not include a detailed

25  discussion of what evidence formed the basis for her opinions and that it appeared the opinions

26  relied heavily on plaintiff's subjective complaints. *Id*. at 31.  The opinion of a treating physician

27  may be rejected where it is premised primarily on plaintiff's subjective complaints and the ALJ

28  properly discounted plaintiff's credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.

7

2001). However, "an ALJ does not provide clear and convincing reasons for rejecting [a] physician's opinion by questioning the credibility of the [plaintiff's] complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Comm'r of Soc. Sec. Admin*, 528 F.3d 1194, 1200-01 (9th Cir. 2008).

There can be no dispute that Dr. Tily relied, at least to some degree, on plaintiff's subject complaints, which are documented in the record. *See generally* AR 264-453, 568-601, 809-817, 914-926. However, her treatment notes are replete with objective findings supporting her opinion. For example, an examination from June 2010 showed soft tissue swelling, stiffness in joints, and tenderness in plaintiff's upper extremities. *Id*. at 329-330. Plaintiff was unable to make a fist and also had tenderness in her lower extremities, limited range of motion with pain in her knees, and a prominent muscle spasm around the lower spine. *Id*. at 330. Treatment notes from February 2011, reflect a limited range of motion in plaintiff's shoulders, with pain on movement. *Id*. at 284. She also had wrist pain with movement; a positive Tinnel test; swelling and tenderness in her hands; and decreased range of motion, tenderness, and pain with movement in her knees. *Id*. at 285.

May 2011 treatment records reflect tenderness in plaintiff's hands, wrists, and elbow, and difficulty making a fist. *Id*. at 275. She had soft tissue swelling over her wrist and elbow, and pain with range of motion at the wrist, elbow, and shoulder. *Id*. In July 2011, Dr. Tily found tenderness in plaintiff's hands, some tenderness in her lower extremities, and positive findings at all fibromyalgia tender points. *Id*. at 264. The entire record contains similar objective findings from Dr. Tily. *See generally id*. 264-453, 568-601, 809-817, 914-926.

Thus, the ALJ's conclusion that Dr. Tily failed to support her opinions with objective medical findings, and instead relied heavily on plaintiff's subjective complaints, simply misstates the record.

Accordingly, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Tily's opinion.

/////

/////

### B. Remand for Further Proceedings

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 406, 407 (9th Cir. 2015) (internal quotes and citations omitted). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id*.

Here, the court finds that further consideration of the medical evidence is necessary for determination of whether plaintiff is disabled under the Social Security Act. Accordingly, remand for further proceedings is appropriate.[2]

## IV. CONCLUSION

Therefore, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further consideration consistent with this order;

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 30, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining argument.